IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS AGUERO VENEGAS** | **CIVIL ACTION** |
| **v.** | **No. 26-1870** |
| **BRIAN MCSHANE,** *et al.* | |

**Henry, J.**                                                                                            **March 25, 2026**

**MEMORANDUM**

Carlos Aguero Venegas is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. The respondents argue that this statute, properly interpreted, permits them to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred.[1] This distinction deprives a detainee like Aguero Venegas of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of many other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the appellate authority on point, I grant Aguero Venegas's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

I.    **BACKGROUND**

On March 23, 2026, Aguero Venegas filed a petition for a writ of habeas corpus. The respondents have offered no dispute as to the factual content of the petition or suggested the need

---

[1] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

for further evidence other than by attaching to the response the Department of Homeland Security Form I-862 Notice to Appear (ECF 4-1). *See* Resps' Br. in Opp. ("Opp.") 4 (case "turns principally on the threshold question of statutory interpretation"). Aguero Venegas is detained in the Philadelphia Federal Detention Center (FDC) under Warden Jamal L. Jamison, after being arrested by Immigration and Customs Enforcement (ICE) on March 20, 2026. Brian McShane, the first-named respondent, is the Director of the Philadelphia Field Office of ICE's Enforcement and Removal Operations Division, and he does not dispute Aguero Venegas's characterizing him as his "immediate custodian [] responsible for Petitioner's detention and removal." Pet'n ¶ 20; *see generally* Opp.

Aguero Venegas entered the country without inspection in 2002, about 23 years prior to his arrest. Pet'n ¶¶ 32 ,66. He is a citizen of Costa Rica, married to and father of United States citizens, and he has a pending petition for an immigrant visa. *Id.* at ¶¶ 66–68.  He was arrested by ICE while leaving a Home Depot after purchasing work supplies. *Id.* at ¶ 32. No further facts regarding the circumstances of his arrest have been provided.

Because Aguero Venegas is detained under the mandatory detention provision of 8 U.S.C. § 1225 (INA § 235), the respondents have determined that he will not be permitted a bond hearing, Opp. 9.

## II.  **DISCUSSION**

As the respondents acknowledge, "the case turns principally on the threshold question of statutory interpretation" regarding the immigration detention statutes. Opp. 4. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's

Due Process Clause as well as immigration regulations.[2] The issue has been considered directly by one appellate court. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (5th Cir. Feb. 6, 2026). The Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) concluded at the level of a preliminary injunction that the government was not likely to succeed on the merits of its argument for mandatory detention of applicants for admission present under § 1225(b)(2)(A)). The Court of Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement,* et al., No. 26-1454 (3d Cir.).

The question here: Is Aguero Venegas properly detained under the mandatory detention provisions in 8 U.S.C. § 1225?[3] According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Aguero Venegas was "seeking admission" under this section, although he had been in the country since 2004 and was detained in early 2026. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Aguero Venegas seeks to be "admitted" to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025); It threatens to make meaningless the concurrent requirement that

---

[2] The respondents have challenged this Court's jurisdiction prior to the merits in previous cases, but, as they acknowledge, they raise no jurisdictional challenge here. Opp. 4 n.3.

[3] The respondents helpfully outline the distinction between a few different categories of cases within this area. They argue that this case falls within the "*Q. Li*" category, because he was "first encountered" near the border. Opp. 5. Any such encounter is not noted or characterized by the facts supplied at this level. Nevertheless, as the respondents concede, the legal question between *Q. Li*, *Hurtado* (cases lacking a border-area detention) and some others "all share the same authority" for mandatory detention and therefore rise and fall upon the same "fundamental point of departure" relating to the correct interpretation of § 1225(b)(2)(A). Opp. 3.

the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025); *accord Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 166 F.4th at 505 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken over 300 times on the matter in the past several months, and where in fact I have spoken several times myself without any internal contradiction of which I am aware, I think a deeper giving of reasons would be merely cumulative. Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Aguero Venegas is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Aguero Venegas has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III. <u>CONCLUSION</u>

For the reasons given above, Aguero Venegas's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226. Aguero Venegas may also submit a motion for attorney fees with a proposed order and/or judgment.